**DISSENT; and Opinion Filed December 13, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01472-CV

### SAMUEL ADAM AFLALO, Appellant
### V.
### DEVIN LAMAR HARRIS AND MEGHAN THERESA HARRIS, Appellees

**On Appeal from the 95th Judicial District Ct**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-00247**

# DISSENTING OPINION
Before the En Banc Court
Dissenting Opinion by Justice Francis

The majority concludes the failure of a seller in a residential real estate contract to produce a document that "exceeded the minimum required by the Texas Property Code," but was required by the seller's own disclosure notice, did not constitute a breach justifying termination of the contract by the buyers for inadequate notice. Based on the same general contract law and principles of statutory interpretation cited by the majority to support its decision, I conclude, as did the trial court, that such failure was a breach allowing termination. Therefore, I respectfully dissent.

Seller Aflalo and the Harrises entered into a real estate contract on November 20, 2015, with a closing date of December 18. Under section 7B(2) of the contract, seller Aflalo had three days to provide a Seller's Disclosure Notice "pursuant to" section 5.008 of the property code. If

he failed to provide the notice, the Harrises could terminate the contract prior to closing and have their earnest money returned to them. If Aflalo delivered the notice, the Harrises could terminate for any reason within seven days after receiving the notice or before the closing date, whichever occurred first, and have their earnest money returned to them. If either party defaulted, the other party was entitled to enforce specific performance or terminate the contract and receive the earnest money.

On the same day the contract was signed, Aflalo provided the Harrises a Seller's Disclosure Notice using the TAR-1406 form from the Texas Association of Realtors. The form is, as the majority terms it, a "fill-in-the-blanks-and-check-the-boxes form," just like the real estate contract executed in this case and every other form at issue here. At the top of the form, in bold writing, it states: "**This form complies with and contains additional disclosures which exceed the minimum disclosures required by the [Property] Code.**" As relevant here, section 5.008 of the property code requires a seller of residential real property to provide the purchaser of the property "a written notice as prescribed by this section or a written notice substantially similar to the notice prescribed by this section which contains, *at a minimum,* all of the items in the notice prescribed by this section." TEX. PROP. CODE ANN. § 5.008(a) (Supp.) (emphasis added).

Specifically, section 5.008 requires a seller to disclose if he is aware of numerous conditions on the property, including whether the property is in a 100-year floodplain and has present flood insurance coverage. *Id.* § 5.008(b)4. If the seller answers "yes" to the conditions, the statute requires him to explain and "[a]ttach additional sheets if necessary." *Id.* The form used by Aflalo asked whether the property was located in a 100-year floodplain, was located in a floodway, and had present flood insurance coverage. Like the statute, the form provided that if the seller answered "yes" he was to "explain" any condition and "[a]ttach additional sheets if

–2–

necessary[.]" But, in addition to the statute, if the seller answered "yes" to the condition regarding present flood insurance coverage, the form directed the seller to "attach TAR-1414," a three-page document that provides information to the buyer about flood zones, special hazard areas, flood insurance, and FEMA. The relevant portion of the TAR-1406 form completed by Aflalo provides:



**Section 3.** Are you (Seller) aware of any of the following conditions: (Mark Yes (Y) if you are aware and No (N) if you are not aware.)

| Condition | Y | N | Condition | Y | N |
|---|---|---|---|---|---|
| Aluminum Wiring | | ✓ | Previous Foundation Repairs | ✓ | ✓ |
| Asbestos Components | | ✓ | Previous Roof Repairs | ✓ | |
| Diseased Trees: ☐ oak wilt ☐ | | ✓ | Other Structural Repairs | | ✓ |
| Endangered Species/Habitat on Property | | ✓ | Radon Gas | | ✓ |
| Fault Lines | | ✓ | Settling | | ✓ |
| Hazardous or Toxic Waste | | ✓ | Soil Movement | | ✓ |
| Improper Drainage | | ✓ | Subsurface Structure or Pits | | ✓ |
| Intermittent or Weather Springs | | ✓ | Underground Storage Tanks | | ✓ |
| Landfill | | ✓ | Unplatted Easements | | ✓ |
| Lead-Based Paint or Lead-Based Pt. Hazards | | ✓ | Unrecorded Easements | | ✓ |
| Encroachments onto the Property | | ✓ | Urea-formaldehyde Insulation | | ✓ |
| Improvements encroaching on others' property | | ✓ | Water Penetration | | ✓ |
| Located in 100-year Floodplain | | ✓ | Wetlands on Property | | ✓ |
| Located in Floodway | ✓ | | Wood Rot | | ✓ |
| Present Flood Ins. Coverage (If yes, attach TAR-1414) | ✓ | | Active infestation of termites or other wood destroying insects (WDI) | | ✓ |
| Previous Flooding into the Structures | | ✓ | Previous treatment for termites or WDI | | ✓ |
| Previous Flooding onto the Property | | ✓ | Previous termite or WDI damage repaired | | ✓ |
| Located in Historic District | | ✓ | Previous Fires | | ✓ |
| Historic Property Designation | | ✓ | Termite or WDI damage needing repair | | ✓ |
| Previous Use of Premises for Manufacture of Methamphetamine | | ✓ | Single Blockable Main Drain in Pool/Hot Tub/Spa* | | ✓ |

(TAR-1406) 01-01-14    Initialed by: Buyer [MHH] [DLH] and Seller: [signature]    Page 2 of 5

Aflalo answered "yes" that the property was located in a floodway and had present flood insurance and previous roof repairs. Aflalo also provided the following handwritten explanation: "I have flood insurance. My lender told me that it was recently added to a flood area." He did not, however, attach the TAR-1414 form as directed.

Four days after the TAR-1406 notice was delivered, the Harrises' agent sent an email to Aflalo's agent requesting the missing TAR-1414 form. Aflalo did not respond and did not provide the requested form. One day before closing, the Harrises notified Aflalo they were terminating the contract under section 7B(2) requiring the seller's disclosure notice. Aflalo relisted his

property and made demand on the Harrises to perform according to the agreement. Three weeks later, he sued the Harrises for breach of contract seeking specific performance. The TAR-1414 form was ultimately provided during discovery after this lawsuit was filed. Aflalo alleged he timely provided the Harrises with the seller's disclosure notice because neither the contract he signed nor the property code required that he attach the TAR-1414 form, regardless of directives included in the TAR-1406 form chosen by him.

The majority concludes the trial court erred by granting the Harrises' motion for summary judgment because the undisputed facts established Aflalo provided the required seller's disclosures, rendering the Harrises' termination untimely and a breach of the agreement. The majority holds Aflalo was not required to provide a TAR-1414 form to perform under the contract. I disagree.

In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all provisions of the contract so that none will be rendered meaningless. *Id*. We presume the parties to a contract intend every clause to have some effect. *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 331 (Tex. 1983). We give terms their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense. *Valence Operating*, 164 S.W.3d at 662. We enforce an unambiguous document as written. *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996).

Section 7 of the sales contract is entitled "PROPERTY CONDITION." Subsection B is entitled, "SELLER'S DISCLOSURE NOTICE PURSUANT TO § 5.008, TEXAS

PROPERTY CODE (Notice)" followed by three subsections. The Harrises checked the box to subsection 7B(2), which stated:

> (2) Buyer has not received the Notice. Within _____3_____ days after the effective date of this contract, Seller shall deliver the Notice to Buyer. If Buyer does not receive the Notice, Buyer may terminate this contract at any time prior to the closing and the earnest money will be refunded to Buyer. If Seller delivers the Notice, Buyer may terminate this contract for any reason within 7 days after Buyer receives the Notice or prior to the closing, whichever first occurs, and the earnest money will be refunded to Buyer.

The majority, citing only general authority, concludes the above notice requirement was limited to information required to be disclosed under section 5.008 of the property code and, because neither the property code nor the sales contract mentions the TAR-1414 form, Aflalo was not required to provide one under the contract. The majority concludes that "[b]ecause form TAR-1406 as completed by Aflalo was not exchanged information between the parties at the time of the contract, it was not a part of the contract when the parties entered into their contract." The majority cites no authority, other than general principles of contract and statutory interpretation, to support this conclusion.

Aflalo argues, and the majority agrees, the sample form provided in section 5.008 only required he answer "yes" or "no" to whether he was aware of "Present Flood Insurance Coverage," and if so, to "explain" and "[a]ttach additional sheets if necessary," which he said he did. As support, Aflalo relies on *Sherman v. Elkowitz*, 130 S.W.3d 316 (Tex. App.—Houston [14th] Dist. 2004, no pet.), for the proposition that the use of "varying forms should not alter the obligations of a party under the Property Code." While the majority fails to mention the *Sherman* case, Aflalo reads too much into the Houston court's opinion. I find it relevant and specific to this discussion.

In *Sherman*, the buyers purchased a home and then discovered various defects in the property. They learned the sellers had sued the prior owner for failing to disclose these same

alleged defects. *Id*. at 318. Neither the defects nor the lawsuit had been disclosed in the seller's disclosure notice. The buyers sued the sellers, the sellers' agent, and the realty company for alleged misrepresentations and nondisclosures in the disclosure notice. The buyers obtained a favorable judgment against the sellers, but the trial court granted a directed verdict in favor of the sellers' agent and the realty company. *Id*. at 319.

On appeal, the buyers argued they presented evidence that the listing agent knew of the earlier lawsuit and could be held liable for failing to disclose that fact. *Id*. at 323. The question before the Houston court was whether the buyers were entitled to disclosure of the earlier lawsuit. As in this case, the sellers' disclosure notice varied from the statute. *Id*. But, unlike here, that variance arguably narrowed the scope of the disclosures required by section 5.008, so the court used the broader, statutory requirements to determine the sellers' disclosure obligations. *See id*. The court's analysis showed the buyers were not entitled to relief because the disclosure of a lawsuit that was not pending was not required by either the statute or the disclosure form used in that case. Nothing in *Sherman* suggests that varying forms can never broaden the disclosure obligations of sellers. If anything, the case supports only the proposition that such forms cannot reduce the seller's disclosure obligations set out in the statute.

While I hesitate to attempt a dissection of the majority's depiction of the facts to benefit its conclusions, I must identify a couple of troubling points. First, the majority characterizes the sales contract as requiring Aflalo to simply make the disclosures required by section 5.008 of the property code. This is not accurate. The sales contract specifically required Aflalo to provide the Harrises with a *seller's disclosure notice* "pursuant to" section 5.008, meaning Aflalo had to provide a notice containing at least certain statutory information. The sales contract did not limit the information Aflalo was to provide in the disclosure notice. Contrary to the majority's apparent position, a completed seller's disclosure notice was not a requirement of a "third party such as the Texas

Association of Realtors." Nor was it a "post-contract, unilateral desire for information" by the Harrises. Rather, a completed disclosure notice was an implicit, if not explicit term of the sales contract. Because Aflalo did not provide the Harrises with a completed seller's disclosure notice within the time allotted, Aflalo breached the sales contract, which allowed the Harrises to terminate.

Second, the majority attempts to bolster its position by mischaracterizing the structure of the TAR-1406 form used by Aflalo (chart included above). The majority describes it as listing the section dealing with "attaching additional sheets as necessary" as appearing directly below "Present Flood Ins. Coverage," which suggests submitting additional information about flood insurance was discretionary. But the form actually reads "If yes, attach TAR-1414" directly below the insurance coverage line, thereby requiring the form to be provided if the relevant box is checked. I agree Aflalo made handwritten comments about having flood insurance, that his lender told him "it was recently added to a flood area," and that he made roof repairs. But these notations at the end of section three do not replace the requirement that he attach a TAR-1414 form. While the majority has briefed the issue exhaustively, I do not dispute section 5.008 does not require the information contained in the TAR-1414 form. This is simply not pertinent to the discussion because the sales contract required a seller's disclosure notice and the seller's disclosure notice required the information.

Third, the majority goes through extensive detail about the contents of the TAR-1414 form only to dismiss it as unnecessary, general information. While the majority does not say so directly, the import of this discussion is that the form is immaterial. I agree the form does not provide property-specific information, but it does provide critical information to buyers purchasing a potentially flood-prone property. The TAR-1414 form provides notice to buyers about special flood hazard areas as designated by FEMA. It addresses high-flood-risk areas and discusses the availability and advisability of flood insurance and the importance of determining

elevation information and certificates. While information about flood areas, flood insurance, and FEMA may not be of paramount importance in all areas of Texas, many parts of this State have been devastated by flooding, and potential purchasers in those areas might feel strongly about requiring and receiving disclosure of flood hazard information.

By using the TAR-1406 form to fulfill his contractual obligations, Aflalo did not undertake an onerous burden. Looking at the substance of the TAR-1406 form, six of the eleven sections of the form require the attachment of additional sheets as necessary where an explanation might reasonably be needed. But in the entire five pages of the TAR-1406 form, only three property conditions require that a different, specifically-numbered TAR form be attached. The property conditions that required forms were: (1) the Present Flood Ins. Coverage condition (TAR-1414), (2) the Information About On-Site Sewer Facility (TAR-1407) (which seller Aflalo checked "unknown" and was not required to submit an attachment), and (3) lead-based paint hazards (TAR-1906) (which Aflalo also checked "unknown").

To meet his contractual obligation, Aflalo chose to use a TAR-1406 form that required him to provide a TAR-1414 form once he stated he had present flood insurance coverage. When Aflalo did not attach the form to the disclosure notice provided to the Harrises, the Harrises' agent asked for the additional information. Aflalo did not respond. By failing to provide the TAR-1414 form, he failed to fully comply with his obligation under the sales contract regarding the seller's disclosure notice and the Harrises therefore were allowed to terminate the contract at any time. Because the Harrises established as a matter of law that Aflalo did not perform his obligations and they did not breach the contract, the trial court did not err by granting the Harrises' motion for summary judgment and rendering a take-nothing judgment on Aflalo's breach of contract claim.

For these reasons, I dissent.

/Molly Francis/
MOLLY FRANCIS
JUSTICE


Wright, C.J. and Brown, J., join in this dissent

161472DF.P05